**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **JENNIFER M. ARWINE-LUCAS, and KEVIN L. LUCAS, both individually, and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | **Case No.** |
| | **COLLECTIVE AND CLASS ACTION** |
| **v.** | **JURY TRIAL REQUESTED** |
| **CAESARS ENTERPRISE SERVICES, LLC,** | |
| **Defendant.** | |

## COMPLAINT

Plaintiffs Jennifer M. Arwine-Lucas ("Arwine-Lucas") and Kevin L. Lucas ("Lucas") (collectively "Plaintiffs"), individually, and on behalf of all others similarly situated, bring this Complaint against Defendant Caesars Enterprise Services, LLC (hereinafter "Defendant"), and hereby state and allege as follows:

## INTRODUCTION

1.      Plaintiffs and all other similarly situated employees work or worked for Defendant, a centralized services company that employs personnel who provide services to casino or gaming entertainment properties.

2.      Pursuant to its company-wide policies, procedures, and practices, Defendant failed to pay Plaintiffs, and other similarly situated employees, the mandated federal and/or state minimum wage rate for all hours worked and overtime for all hours worked over 40 in a single workweek.

3.     In particular, Defendant's time-clock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate its employees properly for all time worked.

4.     Defendant also failed to properly inform its tipped employees of the required tip credit provisions.

5.     Defendant also failed to pay its employees for participating in compensable training sessions required by Defendant.

6.     Defendant also miscalculated its employees' regular rate of pay for overtime purposes, resulting in unpaid overtime compensation.

7.     Defendant also subjected its employees to automatic thirty-minute meal period deductions even when those employees did not receive a thirty-minute bona fide meal period during their shift.

8.     Defendant's systemic violations of federal and state wage laws were willful.

9.     Plaintiffs, on behalf of themselves individually and all others similarly situated, bring this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid minimum and overtime wages owed to Plaintiffs and all other similarly situated workers employed by Defendant; and (b) a Rule 23 class action under Missouri state law, including the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500 *et seq.*

## JURISDICTION AND VENUE

10.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over the FLSA claims of Plaintiffs and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11.     Missouri law authorizes court actions by private parties to recover damages for violation of the MMWL's wage and hour provisions. Jurisdiction over the state law claims of Plaintiffs and all others similarly situated is based on 28 U.S.C. § 1367 and R.S.Mo. § 290.527, in that such state law claims are so related to the FLSA claims that they form part of the same case or controversy.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

13.     Plaintiff Arwine-Lucas is a resident of the State of Missouri.

14.     From May 2010 to the present, Plaintiff Arwine-Lucas was employed by Defendant as a dealer, dual-rate supervisor, and floor supervisor, at a casino property located at 1 Riverboat Drive, North Kansas City, Missouri 64116.  Plaintiff Arwine-Lucas's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as *Exhibit A*.

15.     Plaintiff Lucas is a resident of the State of Missouri.

16.     From August 2014 through the present, Plaintiff Lucas has been employed by Defendant as a dealer and dual-rate supervisor at a casino located at 1 Riverboat Drive, North Kansas City, Missouri 64116.  Plaintiff Lucas's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as *Exhibit B*.

17.     Defendant is a limited liability company organized under the laws of the State of Delaware.

18.     At all relevant times, Defendant was the employer and/or joint employer of Plaintiffs, and all other similarly situated employees:

a.   Defendant had the power to hire and fire Plaintiffs and all other similarly situated employees;

b.   Defendant supervised and controlled the work schedules and conditions of employment of Plaintiffs and all other similarly situated employees;

c.   Defendant determined the rate and method of payment for Plaintiffs and all other similarly situated employees; and

d.   Defendant maintained employment records (including time clock records) for Plaintiffs and all other similarly situated employees.

19.   At all times relevant to this action, Defendant acted by and through its agents, servants, and employees, each of whom acted in the course and scope of their employment with and for Defendant.

## GENERAL ALLEGATIONS

20.   Plaintiffs re-allege the allegations set forth above.

21.   Defendant is a joint venture among certain companies that own and/or operate casino or gaming entertainment properties.  Defendant is a centralized services company that employs personnel who provide services to such properties.

22.   Defendant determines the fitness and qualifications of its employees performing services at the properties they serve.  Defendant hires, supervises, directs the work of, and discharges, such employees.  Defendant determines the wages and conditions of employment of its employees.  Furthermore, all wages, bonuses, compensation, benefits, termination or severance expenses or liabilities, pension fund contribution obligations or liabilities, and other costs, benefits, expenses, or liabilities and entitlements of or in connection with such employees are Defendant's responsibility.

23. Plaintiffs and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant at various casino or gaming entertainment properties within the respective limitations periods.

**<u>Unlawful Rounding Violations</u>**

24. Plaintiffs re-allege the allegations set forth above.

25. Defendant utilizes a computerized system which tracks the exact time (accurate to 1 minute or less) an hourly employee clocks in and clocks out of work.

26. Even though Defendant maintains a system which records, to the minute, the time an employee clocks in and clocks out, Defendant utilizes a rounding system in computing payroll which rounds to the closest 15-minute interval.

27. For example, an employee who clocks in between 7:53 a.m. and 8:07 a.m. will be treated by Defendant's payroll computations as having clocked in at 8:00 a.m.

28. Defendant utilizes the same rounding system for clock outs.

29. For example, an employee who clocks out between 5:08 p.m. and 5:22 p.m. will be treated by Defendant's payroll computations as having clocked out at 5:15 p.m.

30. Viewed in a vacuum, the rounding system utilized by Defendant appears to neither favor Defendant nor its employees as Defendant utilizes the same rounding system when an employee clocks in or out.

31. However, Defendant utilizes a disciplinary system to alter the seemingly neutral rounding system in a manner which transforms Defendant's rounding system into a system that is substantially rigged in Defendant's favor.

32. Pursuant to Defendant's policies, Plaintiffs and all similarly situated employees are required to clock in and commence work approximately 3 minutes before the start of their shift.

33.     Pursuant to Defendant's policies, Plaintiffs and all similarly situated employees are subject to discipline if they clock in after the start of their shift.

34.     Pursuant to Defendant's policies, Plaintiffs and all similarly situated employees are required to clock out immediately, but no more than 7 minutes after the end of their shift.

35.     As a result of Defendant's policies, Plaintiffs and all similarly situated employees typically clock in and begin working 3 minutes prior to the start of their shift.

36.     As a result of Defendant's policies, Plaintiffs and all similarly situated employees do not typically clock in after the start of their shift, because if they do, they are subject to discipline.

37.     Per Defendant's rounding system, none of the pre-shift work (up to 3 minutes per day) is paid as Defendant rounds this time to the next 15-minute interval, the employees' scheduled start time.

38.     Accordingly, at the start of an employee's shift, Defendant's rounding system is rigged in favor of Defendant because Defendant utilizes its disciplinary system to ensure that, most of the time, the rounding which occurs at the start of the shift decreases the amount of compensable time Defendant pays its employees.

39.     Moreover, Plaintiffs and all similarly situated employees, at the end of the day, are required to clock out immediately, but no more than 7 minutes after the end of their shift.

40.     Plaintiffs and all similarly situated employees do not typically leave work early; instead, they routinely leave work and clock out between the end of their shift and 7 minutes thereafter.

41. Accordingly, at the end of an employee's shift, Defendant's rounding system is rigged in favor of Defendant because the rounding which occurs at the end of their shift decreases the amount of compensable time Defendant pays its employees.

42. In sum, Defendant's rounding policy and practice is used in such a manner that it results, over a period of time, in the failure to compensate its employees properly for all the time they have actually worked.

43. Defendant has no good faith basis to use such a rigged rounding system as its time clocks record the actual clock in and clock out times to at least a one-minute accuracy. Defendant has complete knowledge of all hours worked by Plaintiffs and all other similarly situated employees.

44. Defendant's failure to pay this unpaid time has resulted in Plaintiffs and all similarly situated employees being regularly denied proper compensation under the FLSA and/or the MMWL.

45. Plaintiffs and all similarly situated employees, in conformance with Defendant's clock-in and clock-out policies, and disciplinary policies, regularly clocked in and commenced work several minutes before the start of their shifts.

46. For example, during the workweek of 8/14/15 to 8/20/15 (Defendant's workweek runs from Friday to Thursday), Defendant paid a direct hourly wage of $4.75 to Plaintiff Lucas for approximately forty (40) hours of work, based on Plaintiff Lucas's rounded clock-in and clock-out times. Defendant's rounding policy resulted in Plaintiff Lucas receiving no direct hourly wage for approximately fifteen (15) minutes (or 0.25 hours) of work during that workweek. Thus, during that workweek, Plaintiff Lucas actually worked approximately 40.25 hours, and received a total weekly wage of $190.00 resulting in an hourly wage of $4.72 per hour. Therefore, during that

workweek, Plaintiff Lucas's wages fell below the requisite federal minimum wage ($7.25/hour) and the requisite Missouri state minimum wage ($7.65/hour). Because the amount Plaintiff Lucas was paid during that workweek divided by the number of hours he actually worked resulted in an amount less than the statutory requirement, Defendant violated state and federal minimum wage requirements.

47.     During that workweek and others, Defendant's rounding policy caused Plaintiffs and all similarly situated employees' wages to fall below the requisite minimum wage and/or caused them to incur overtime for which they were not compensated (for all hours worked over 40 in a single workweek).

## Unpaid Job Training

48.     Defendant requires dealers to either complete an unpaid dealer training course or have previous dealing experience before they are hired.

49.     Once hired, Defendant requires Plaintiffs and all similarly situated dealers to expand their dealing skills and learn how to deal additional table games. Defendant also has other hourly employees who are required to participate in unpaid training programs throughout their employment.

50.     For this purpose, Defendant provides training to its employees on its premises. Defendant provides training on various policies and table games offered at the casino, including "carnival games" and other specialty games such as roulette and craps.

51.      However, Plaintiffs and all other similarly situated employees are not paid for time spent in Defendant's training classes.

52.     Defendant's training sessions are typically scheduled during regular working hours, forcing employees to reschedule their shifts to attend.

53.     Plaintiffs and all similarly situated employees' attendance at Defendant's training programs is compensable working time under the FLSA.

54.     Defendant demands that dealers learn how to deal new games so that they can work more stations on the casino floor.

55.     Defendant's employees are led to believe that not participating in the training will have adverse effects on performance reviews, assignment to less desirable shifts or tasks, termination or demotion.

56.     Defendant's training sessions are designed to make its employees more effective at their current jobs and are directly related to employees' jobs for Defendant.

57.     Defendant does not compensate Plaintiffs and all similarly situated employees for their attendance at such training sessions.

58.     Defendant's refusal and failure to pay Plaintiffs and all similarly situated employees for attending such training sessions is a violation of both state and federal wage and hour laws.

59.     Plaintiffs and other similarly situated dealers participated in unpaid training programs on Defendant's premises.

60.     Defendant's unpaid training policy resulted in Plaintiffs and other similarly situated dealers receiving no direct hourly wage for such training hours during those workweeks.

61.     During those workweeks, Defendant's unpaid training policy caused Plaintiffs' and other similarly situated employees' wages to fall below the requisite minimum wage and/or caused them to incur overtime for which they were not compensated (for all hours worked over 40 in a single workweek).

**Entitlement to the Tip Credit – Failure to Give Notice**

62.     An employer may, in certain circumstances, take a "tip credit" toward its minimum wage obligations for tipped employees.  Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."  29 U.S.C. § 203(m)(2).

63.     The federal regulations expand on the language of the FLSA by explaining as follows:

[A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash that is to be paid to the tipped employee by the employer; [2] the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; [3] that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and [4] that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59(b).

64.     Defendant employs Plaintiffs and other similarly situated tipped employees by paying a sub-minimum direct hourly wage, but failed to properly notify them of the tip credit requirements of the FLSA.

65. Specifically, Plaintiffs and other similarly situated tipped employees are not informed, in advance of Defendant's use of the tip credit, of: (1) the amount of the cash that is to be paid to the tipped employee by Defendant; (2) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant; (3) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and/or (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

66. Because Defendant has failed to properly inform Plaintiffs and other similarly situated tipped employees of the required tip credit provisions, Defendant has willfully violated state and/or federal law by failing and refusing to pay all minimum wages due and owing.

**Miscalculated Regular Rate for Tipped Employees**

67. Both the FLSA and MMWL require that employees receive overtime pay at a rate not less than one and one-half times the regular rate at which they are employed for all hours worked over 40 in a single workweek.

68. Both the FLSA and MMWL permit an employer to take a "tip credit" toward its minimum wage obligations for tipped employees equal to the difference between the required cash wage (which must be at least $2.13 under federal law) and the applicable federal or state minimum wage.

69. However, where the employer takes the tip credit, overtime is calculated on the full minimum wage, not the sub-minimum direct hourly wage payment. The employer may not take a larger tip credit for an overtime hour than for a straight time hour.

70. In addition, "where a higher minimum wage than that set in the [FLSA] is applicable to an employee by virtue of … other legislation, the regular rate of the employee … cannot be lower than such applicable minimum, for the words 'regular rate at which he is employed' … must be construed to mean the regular rate at which he is lawfully employed." 29 C.F.R. § 778.5.

71. Federal regulations provide that "a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer … Any tips received by the employee in excess of the tip credit need not be included in the regular rate." 29 C.F.R. § 531.60.

72. In calculating Plaintiffs' and other similarly situated employees' overtime pay, Defendant first subtracted the tip credit from the prevailing federal or state minimum wage. In other words, Defendant calculated the overtime rate by multiplying one and one-half times the sub-minimum direct hourly wage being earned. As a result, Plaintiffs and other similarly situated employees' overtime pay was not based on the proper regular rate of pay.

73. For example, on her paycheck dated July 2, 2015 (check date), Defendant paid a direct hourly wage of $5.89 per hour to Plaintiff Arwine-Lucas. During that pay period, Plaintiff Arwine-Lucas received an overtime wage of $8.835 per hour, for 2.0 hours of overtime worked. In violation of the FLSA, Defendant calculated the overtime rate on the sub-minimum direct hourly wage payment, and not on the full minimum wage. Defendant calculated the overtime rate by multiplying the subminimum direct hourly wage of $5.89 by one and one-half ($8.835 per hour). Plaintiff Arwine-Lucas's proper overtime rate should have been $10.875 per hour ($7.25[1] per hour times one and one-half) if Defendant was not entitled to utilize a tip credit, or $9.515 per hour

---

[1] In 2015, the federally mandated minimum wage rate was set at $7.25/hour.

($10.875 per hour minus a tip credit of $1.36) if Defendant was entitled to utilize a tip credit. Either way, Plaintiff Arwine-Lucas's overtime pay was not based on the proper regular rate of pay.

74.     In doing so, Defendant failed to pay Plaintiffs and all other similarly situated employees the proper overtime pay as required under both state and federal law.

**Automatic Deductions for Meal Periods**

75.     Federal regulations state that "[b]ona fide meal periods are not worktime." 29 C.F.R. § 785.19. However, for a meal break to qualify as a bona fide meal period, "[t]he employee must be completely relieved from duty for the purposes of eating regular meals," and the meal break must generally be at least thirty (30) minutes or longer. *Id*.

76.     On the other hand: "Rest periods of short duration, running from five (5) minutes to about twenty (20) minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked." *See* 29 C.F.R. 785.18.

77.     Defendant subjected its employees to an automatic meal period deduction policy by which thirty minutes were automatically deducted from the number of hours they worked each shift. However, Defendant's employees were subjected to the thirty-minute automatic deduction policy even when those employees did not receive a thirty-minute bona fide meal period during their shift. On those occasions, Defendant's employees were not completely relieved of all active or inactive duties for thirty (30) minutes.

78.     During those workweeks, Defendant's automatic meal period deduction policy caused Plaintiffs' and other similarly situated employees' wages to fall below the requisite minimum wage and/or caused them to incur overtime for which they were not compensated (for all hours worked over 40 in a single workweek).

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

79.    Plaintiffs re-allege the allegations set forth above.

80.    Plaintiffs bring Counts I and II, the FLSA claims arising out of Defendant's unlawful time-clock rounding policy and unpaid training policy, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following collective action class:

      a.      <u>FLSA Time-Clock Rounding and Unpaid Training Collective</u>: All persons currently and formerly employed by Defendant in hourly positions who worked at any time during the last three (3) years within the United States.

81.    Plaintiffs bring Count III, the FLSA claim arising out of Defendant's tip credit notification policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following collective action class:

      a.      <u>FLSA Unlawful Tip Credit Collective</u>: All persons currently and formerly employed by Defendant in hourly positions paid a direct hourly wage that is below the applicable federal minimum wage rates who worked at any time during the last three (3) years within the United States.

82.    Plaintiffs bring Count IV, the FLSA claim arising out of Defendant's regular rate calculation policy resulting in unpaid overtime wages, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following collective action class:

      a.      <u>FLSA Miscalculated Regular Rate Collective</u>: All persons currently and formerly employed by Defendant in hourly positions paid a direct hourly wage that is below the applicable federal minimum wage rates who worked at any time during the last three (3) years within the United States.

83.     Plaintiffs bring Count V, the FLSA claim arising out of Defendant's automatic meal period deduction policy, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following collective action class:

      a.    <u>FLSA Automatic Meal Period Deduction Collective</u>: All persons currently and formerly employed by Defendant in hourly positions who worked at any time during the last three (3) years within the United States.

84.     Plaintiffs' FLSA claims (Counts I-V) may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

85.     Plaintiffs, individually and on behalf of all others similarly situated, seek relief on a collective basis challenging Defendant's above-described FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

86.     Plaintiffs bring Counts VI and VII, the MMWL claims arising out of Defendant's unlawful time-clock rounding policy and unpaid training policy, as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

      a.    <u>MMWL Time-Clock Rounding and Unpaid Training Class</u>: All persons currently and formerly employed by Defendant in hourly positions who worked at any time during the last two (2) years within the State of Missouri.

87.     Plaintiffs bring Count VIII, the MMWL claim arising out of Defendant's tip credit notification policy, as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

a. <u>MMWL Unlawful Tip Credit Class</u>: All persons currently and formerly employed by Defendant in hourly positions paid below the applicable state minimum wage rates who worked at any time during the last two (2) years within the State of Missouri.

88. Plaintiffs brings Count IX, the MMWL claim arising out of Defendant's regular rate calculation policy, as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

b. <u>MMWL Miscalculated Regular Rate Class</u>: All persons currently and formerly employed by Defendant in hourly positions paid below the applicable state minimum wage rates who worked at any time during the last two (2) years within the State of Missouri.

89. Plaintiffs bring Count X, the MMWL claim arising out of Defendant's automatic meal period deduction policy, as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

a. <u>MMWL Automatic Meal Period Deduction Class</u>: All persons currently and formerly employed by Defendant in hourly positions who worked at any time during the last two (2) years within the State of Missouri.

90. Plaintiffs bring Count XI, the unjust enrichment/quantum meruit claim, as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

a. <u>Unjust Enrichment / Quantum Meruit Class</u>: All persons currently and formerly employed by Defendant in hourly positions who worked at any time during the last five (5) years within the United States.

91.     Plaintiffs bring Count XII, the breach of contract claim, as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

a.     <u>Breach of Contract Class</u>: All persons currently and formerly employed by Defendant in hourly positions who worked at any time during the last five (5) years within the United States.

92.     Plaintiffs' MMWL claims (Count VI-X), unjust enrichment/quantum meruit claims (Count XI), and breach of contract claims (Count XII) described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

93.     These classes each number in the hundreds of thousands of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

94.     There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

a.     Whether Defendant violated the law when it failed to pay Plaintiffs and class members for all hours worked;

b.     Whether Defendant had policies and practices of failing to compensate Plaintiffs and class members for all time worked;

c.     Whether Defendant failed to pay Plaintiffs and class members overtime compensation required under R.S.Mo. § 290.500 *et seq.*;

d.     Whether Defendant was unjustly enriched by virtue of its policies and practices with respect to Plaintiffs' and class members' pay;

e.       Whether Defendant failed to properly inform its hourly employees being paid sub-minimum wage rates of the requirements for the tip credit;

f.       Whether Defendant willfully violated state and federal wage and hour laws; and

g.       Whether Defendant maintained a lawful timekeeping system.

95.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

96.     Plaintiffs' claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar unlawful practices as the Plaintiffs.

97.     A class action is the superior method for the fair and efficient adjudication to Plaintiffs' claims. Defendant has acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

98.     Plaintiffs are adequate representatives because they are members of each of the respective classes they seek to represent, and their interests do not conflict with the interests of the members of those classes. The interests of the members of the classes will be fairly and adequately protected by Plaintiffs and their undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

99.     Maintenance of this action is a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## ALLEGATIONS APPLICABLE TO ALL FLSA CLAIMS (COUNTS I-V)

100.     At all times material herein, Plaintiffs and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

101.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

102.     Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

103.     During all relevant times to this action, Defendant was the "employer" of Plaintiffs and all similarly situated employees within the meaning of the FLSA.  29 U.S.C. § 203(d).

104.     During all times relevant to this action, Plaintiffs and all similarly situated employees were Defendant's "employees" within the meaning of the FLSA.  29 U.S.C. § 203(e).

105.     Plaintiffs and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA.  Accordingly, Plaintiffs and all similarly situated employees must be paid minimum wages in accordance with 29 U.S.C. § 206.

106.    Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  29 U.S.C. § 207(a).

107.    Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) apply here.

108.    Plaintiffs and all similarly situated employees are victims of uniform and nationwide compensation policies.  Based on information and belief, Defendant is applying the same unlawful compensation policies to all similarly situated employees in its casino and gaming entertainment properties nationwide.

109.    Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

110.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

111.    As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiffs and all

similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## ALLEGATIONS APPLICABLE TO ALL MMWL CLAIMS (COUNTS V-VIII)

112.    At all times relevant, Plaintiffs and the class members have been entitled to the rights, protections, and benefits provided under the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500 *et seq.*

113.    The MMWL regulates, among other things, the payment of minimum wage and overtime wages by employers, subject to limited exceptions not applicable herein, and provide or have provided for during part or all of the applicable limitations period for a higher minimum wage than that provided for under federal law. R.S.Mo. §§ 290.500(3) & (4); R.S.Mo. § 290.505.1.

114.    The MMWL should be construed in accordance with its provisions and those of the FLSA. Specifically, the Missouri Department of Labor has promulgated regulations providing that except as otherwise provided by Missouri law, the interpretation and enforcement of the MMWL follows the FLSA and its companion regulations. *See* 8 C.S.R. § 30-4.010(1).

115.    During all times relevant to this action, Defendant was the "employer" of Plaintiffs and the class members within the meaning of the MMWL. R.S.Mo. §§ 290.500(3), (4).

116.    During all times relevant to this action, Plaintiffs and the class members were Defendant's "employees" within the meaning of the MMWL. R.S.Mo. §§ 290.500(3).

117.    Plaintiffs and the class members are covered, non-exempt employees within the meaning of the MMWL. Accordingly, employees are entitled to be paid at least minimum wage for all hours worked in each workweek. R.S.Mo. § 290.502.1.

118.    Pursuant to the MMWL, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek. R.S.Mo. § 290.505.1.

119.    Although the MMWL contains some exceptions (or exemptions) from the minimum wage and overtime pay obligations, none of those exceptions (or exemptions) apply here.  R.S.Mo. § 290.500(3).

120.    Plaintiffs and the class members are victims of uniform and employer-based compensation policies.  Based on information and belief, Defendant is applying the same unlawful compensation policies to Plaintiffs and the class members in its casino and gaming entertainment properties in the State of Missouri.

121.    Plaintiffs and the Class are entitled to damages equal to all unpaid regular and overtime wages due within two (2) years preceding the filing of this Complaint, plus periods of equitable tolling, along with an additional equal amount as liquidated damages, less any amount actually paid to the employees by Defendant.  R.S.Mo. § 290.527.

122.    Plaintiffs and the Class are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

123.    Defendant is also liable to Plaintiffs and the Class for costs and reasonable attorney fees incurred in this action.  R.S.Mo. § 290.527.

## COUNT I - FLSA (Unpaid Overtime & Minimum Wages)

### Arising Out of Defendant's Unlawful Time-Clock Rounding Policy

### (Brought Against Defendant by Plaintiffs, Individually, and on Behalf of All Others Similarly Situated)

124.    Plaintiffs re-allege the allegations set forth above.

125. Defendant violated the FLSA by failing to pay Plaintiffs and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

126. Specifically, as discussed above, Defendant utilizes an unlawful rounding policy that, when combined with their disciplinary policies, forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

127. Defendant's practice was to unlawfully and willfully fail to properly pay their hourly employees for all hours worked.

**WHEREFORE**, on Count I of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

a.  Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

b.  Award Plaintiffs and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

c.  Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.  Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.  Award Plaintiffs and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

f.  Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

**COUNT II - FLSA (Unpaid Overtime & Minimum Wages)**

**Arising Out of Defendant's Unpaid Training Policy**

**(Brought Against Defendant by Plaintiffs, Individually, and
on Behalf of All Others Similarly Situated)**

128.    Plaintiffs re-allege the allegations set forth above.

129.    Defendant violated the FLSA by failing to pay Plaintiffs and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

130.    Specifically, as discussed above, Defendant forced its hourly employees to attend unpaid training classes as part of its policy of mandatory and ongoing training.

131.    Defendant's practice was to unlawfully and willfully fail to properly pay its hourly employees for all hours worked by forcing its employees to work off-the-clock by attending such unpaid training classes.

**WHEREFORE**, on Count II of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

a.    Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

b.    Award Plaintiffs and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

c.    Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.    Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.    Award Plaintiffs and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

f.     Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

## **COUNT III - FLSA (Unpaid Minimum Wages)**

### **Arising Out of Defendant's Tip Credit Notification Policy**

**(Brought Against Defendant by Plaintiffs, Individually, and on Behalf of All Others Similarly Situated)**

132.     Plaintiffs re-allege the allegations set forth above.

133.     Defendant violated the FLSA by failing to pay Plaintiffs and all others similarly situated minimum wages for all hours worked in a workweek.

134.     Specifically, Defendant paid Plaintiffs and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the federal minimum wage.

135.     In particular, Plaintiffs and other similarly situated tipped employees were not informed, in advance of Defendant's use of the tip credit, of: (1) the amount of the cash that is to be paid to the tipped employee by Defendant; (2) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant; (3) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and/or (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

136.     As Defendant has failed to properly inform Plaintiffs and other similarly situated tipped employees of the required tip credit provisions and are not entitled to claim a tip credit, Defendant has willfully violated state and/or federal law by failing and refusing to pay all minimum wages due and owing to Plaintiffs and other similarly situated employees.

137. Defendant's practice was to unlawfully and willfully fail to comply with the requirements for its entitlement to a tip credit and therefore, Plaintiffs and the similarly situated tipped employees were not properly paid minimum wages pursuant to the FLSA.

**WHEREFORE**, on Count III of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

a. Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

b. Award Plaintiffs and all similarly situated employees damages for unpaid overtime wages under 29 U.S.C. § 216(b);

c. Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d. Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e. Award Plaintiffs and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

f. Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT IV - FLSA (Unpaid Overtime)

### Arising Out of Defendant's Regular Rate Calculation Policy

**(Brought Against Defendant by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

138. Plaintiffs re-allege the allegations set forth above.

139. Defendant violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of 40 hours in a workweek.

140. Specifically, the FLSA requires that employees are paid one and one-half times their "regular rate" of pay. The "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

141. Federal regulations provide that "a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer … Any tips received by the employee in excess of the tip credit need not be included in the regular rate." 29 C.F.R. § 531.60.

142. In calculating Plaintiffs' and other similarly situated employees' overtime pay, Defendant first subtracted the tip credit from the prevailing federal or state minimum wage. In other words, Defendant calculated the overtime rate by multiplying one and one-half times the sub-minimum direct hourly wage being earned. As a result, Plaintiffs' and other similarly situated employees' overtime pay was not based on the proper regular rate of pay under the FLSA.

143. WHEREFORE, on Count IV of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

     a. Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

     b. Award Plaintiffs and all similarly situated employees damages for unpaid overtime wages under 29 U.S.C. § 216(b);

c.      Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.      Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.      Award Plaintiffs and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.      Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

**<u>COUNT V- FLSA (Unpaid Overtime & Minimum Wages)</u>**

**Arising Out of Defendant's Unlawful Automatic Meal Period Deduction Policy**

**(Brought Against Defendant by Plaintiffs, Individually, and
on Behalf of All Others Similarly Situated)**

144.     Plaintiffs re-allege the allegations set forth above.

145.     Defendant violated the FLSA by failing to pay Plaintiffs and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

146.     Specifically, as discussed above, Defendant subjected its employees to automatic thirty-minute meal period deductions even when those employees did not receive a thirty-minute bona fide meal period during their shift.

147.     As a result, Defendant's practice was to unlawfully and willfully fail to properly pay their hourly employees for all hours worked. These policies resulted in Defendant failing to pay Plaintiffs and all other similarly situated employees all earned overtime wages. In addition, these policies resulted in Defendant failing to pay Plaintiffs and all other similarly situated employees minimum wages for all hours worked.

148.     WHEREFORE, on Count V of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

     a.     Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

     b.     Award Plaintiffs and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

     c.     Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

     d.     Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

     e.     Award Plaintiffs and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

     f.     Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT VI – MMWL (Unpaid Overtime & Minimum Wages)

### Arising Out of Defendant's Unlawful Rounding Policy

### (Brought Against Defendant by Plaintiffs, Individually, and on Behalf of All Others Similarly Situated)

149.     Plaintiffs re-allege the allegations as set forth above.

150.     Defendant violated the MMWL by failing to pay Plaintiffs and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

151. Specifically, as discussed above, Defendant utilizes an unlawful rounding policy that, when combined with their disciplinary policies, forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

152. Defendant's practice was to unlawfully and willfully fail to properly pay their hourly employees for all hours worked.

**WHEREFORE**, on Count VI of this Complaint, Plaintiffs and the Class demand judgment against Defendant and pray this Court:

    a.    Certify the state law claim set forth in Count VI above as a class action pursuant to Fed. R. Civ. P. 23;

    b.    Award Plaintiffs and the Class damages for unpaid minimum wages and unpaid overtime wages under R.S.Mo. § 290.527;

    c.    Award Plaintiffs and the Class liquidated damages under R.S.Mo. § 290.527;

    d.    Award Plaintiffs and the Class pre-judgment and post-judgment interest as provided by law;

    e.    Award Plaintiffs and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

    f.    Award Plaintiffs and the Class such other relief as the Court deems fair and equitable.

## COUNT VII – MMWL (Unpaid Overtime & Minimum Wages)

### Arising Out of Defendant's Unpaid Training Policy

### (Brought Against Defendant by Plaintiffs, Individually, and on Behalf of All Others Similarly Situated)

153. Plaintiffs re-alleges the allegations as set forth above.

154. Defendant violated the MMWL by failing to pay Plaintiffs and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

155. Specifically, as discussed above, Defendant forced its hourly employees to attend unpaid training classes as part of its policy of mandatory and ongoing training.

156. Defendant's practice was to unlawfully and willfully fail to properly pay its hourly employees for all hours worked by forcing its employees to work off-the-clock by attending such unpaid training classes.

**WHEREFORE**, on Count VII of this Complaint, Plaintiffs and the Class demand judgment against Defendant and pray this Court:

a. Certify the state law claim set forth in Count VII above as a class action pursuant to Fed. R. Civ. P. 23;

b. Award Plaintiffs and the Class damages for unpaid minimum wages and unpaid overtime wages under R.S.Mo. § 290.527;

c. Award Plaintiffs and the Class liquidated damages under R.S.Mo. § 290.527;

d. Award Plaintiffs and the Class pre-judgment and post-judgment interest as provided by law;

e. Award Plaintiffs and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

f. Award Plaintiffs and the Class such other relief as the Court deems fair and equitable.

## <u>COUNT VIII – MMWL (Unpaid Minimum Wages)</u>

**Arising Out of Defendant's Tip Credit Notification Policy**

**(Brought Against Defendant by Plaintiffs, Individually,
and on Behalf of All Others Similarly Situated)**

157.     Plaintiffs re-allege the allegations as set forth above.

158.     Defendant violated the MMWL by failing to pay Plaintiffs and all others similarly situated minimum wages for all hours worked in a workweek.

159.     Specifically, Defendant paid Plaintiffs and all others similarly situated below the state minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the state minimum wage.

160.     In particular, Defendant failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations, which are controlling within the context of the MMWL.

161.     In particular, Plaintiffs and other similarly situated tipped employees were not informed, in advance of Defendant's use of the tip credit, of: (1) the amount of the cash that is to be paid to the tipped employee by Defendant; (2) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant; (3) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and/or (4) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

162.     As Defendant has failed to properly inform Plaintiffs and other similarly situated tipped employees of the required tip credit provisions and are not entitled to claim a tip credit, Defendant has willfully violated state law by failing and refusing to pay all minimum wages due and owing to Plaintiffs and other similarly situated employees.

163.     Defendant's practice was to unlawfully and willfully fail to comply with the requirements for its entitlement to a tip credit and therefore, Plaintiffs and the similarly situated tipped employees were not properly paid minimum wages pursuant to the MMWL.

**WHEREFORE**, on Count VIII of this Complaint, Plaintiffs and the Class demand judgment against Defendant and pray this Court:

a.      Certify the state law claim set forth in Count VIII above as a class action pursuant to Fed. R. Civ. P. 23;

b.      Award Plaintiffs and the Class damages for unpaid overtime wages under R.S.Mo. § 290.527;

c.      Award Plaintiffs and the Class liquidated damages under R.S.Mo. § 290.527;

d.      Award Plaintiffs and the Class pre-judgment and post-judgment interest as provided by law;

e.      Award Plaintiffs and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

f.      Award Plaintiffs and the Class such other relief as the Court deems fair and equitable.

### <u>COUNT IX – MMWL (Unpaid Overtime)</u>

**Arising Out of Defendant's Regular Rate Calculation Policy**

**(Brought Against Defendant by Plaintiffs, Individually,
and on Behalf of All Others Similarly Situated)**

164.     Plaintiff re-alleges the allegations as set forth above.

165.     Defendant violated the MMWL by failing to pay Plaintiff and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of 40 hours in a workweek.

166.     Specifically, the MMWL requires that employees are paid one and one-half times their "regular rate" of pay.  The "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  29 C.F.R. § 778.109.

167.     In calculating Plaintiffs' and other similarly situated employees' overtime pay, Defendant first subtracted the tip credit from the prevailing federal or state minimum wage.  In other words, Defendant calculated the overtime rate by multiplying one and one-half times the sub-minimum direct hourly wage being earned.  As a result, Plaintiffs' and other similarly situated employees' overtime pay was not based on the proper regular rate of pay under the MMWL.

168.     WHEREFORE, on Count IX of this Complaint, Plaintiffs and the Class demand judgment against Defendant and pray this Court:

a.     Certify the state law claim set forth in Count IX above as a class action pursuant to Fed. R. Civ. P. 23;

b.     Award Plaintiffs and the Class damages for unpaid overtime wages under R.S.Mo. § 290.527;

c.     Award Plaintiffs and the Class liquidated damages under R.S.Mo. § 290.527;

d.     Award Plaintiffs and the Class pre-judgment and post-judgment interest as provided by law;

   e.  Award Plaintiffs and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

   f.  Award Plaintiffs and the Class such other relief as the Court deems fair and equitable.

## <u>COUNT X – MMWL (Unpaid Overtime & Minimum Wages)</u>

**Arising Out of Defendant's Unlawful Automatic Meal Period Deduction Policy**

**(Brought Against Defendant by Plaintiffs, Individually,
and on Behalf of All Others Similarly Situated)**

169. Plaintiffs re-allege the allegations as set forth above.

170. Defendant violated the MMWL by failing to pay Plaintiffs and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

171. Specifically, as discussed above, Defendant subjected its employees to automatic thirty-minute meal period deductions even when those employees did not receive a thirty-minute bona fide meal period during their shift.

172. As a result, Defendant's practice was to unlawfully and willfully fail to properly pay their hourly employees for all hours worked. These policies resulted in Defendant failing to pay Plaintiffs and all other similarly situated employees all earned overtime wages. In addition, these policies resulted in Defendant failing to pay Plaintiffs and all other similarly situated employees minimum wages for all hours worked.

173. WHEREFORE, on Count X of this Complaint, Plaintiffs and the class members demand judgment against Defendant and pray this Court:

   a.  Certify the state law claim set forth in Count X above as a class action pursuant to Fed. R. Civ. P. 23;

b.       Award Plaintiffs and the Class damages for unpaid minimum wages and unpaid overtime wages under R.S.Mo. § 290.527;

c.       Award Plaintiffs and the Class liquidated damages under R.S.Mo. § 290.527;

d.       Award Plaintiffs and the Class pre-judgment and post-judgment interest as provided by law;

e.       Award Plaintiffs and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

f.       Award Plaintiffs and the Class such other relief as the Court deems fair and equitable.

## COUNT XI

### Unjust Enrichment / Quantum Meruit

### (Brought Against Defendant by Plaintiffs, Individually, and on Behalf of All Others Similarly Situated)

174.    Plaintiffs re-allege the allegations set forth above.

175.    Defendant benefited from the unpaid work performed by Plaintiffs and the Class prior to the start of their shifts, during mandatory training time, and after their shifts. Additionally, Defendant benefited by failing to pay its employees at the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all minimum wages and overtime wages in compliance with the law.

176.    Defendant was aware or should have been aware that it was receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

177. Defendant's acceptance and retention of the benefit of Plaintiffs and the Class's unpaid labor was inequitable and resulted in Defendant being unjustly enriched.

**WHEREFORE**, on Count XI of this Complaint, Plaintiffs and the Class demand judgment against Defendant and pray this Court:

    a.    Certify the state law claim set forth in Count XI above as a class action pursuant to Fed. R. Civ. P. 23;

    b.    Order Defendant to disgorge the value of its ill-gained benefits to Plaintiffs and the Class;

    c.    Award Plaintiffs and the Class pre-judgment and post-judgment interest as provided by law; and

    d.    Award Plaintiffs and the Class such other relief as the Court deems fair and equitable.

## COUNT XII

### Breach of Contract

### (Brought Against Defendant by Plaintiffs, Individually, and on Behalf of All Others Similarly Situated)

178. Plaintiffs re-allege the allegations set forth above.

179. Defendant entered into a contract with Plaintiffs and all similarly situated employees through which it agreed that employees would get paid an agreed-upon hourly rate for every hour worked during their employment.

180. Defen breached this contract by failing to pay Plaintiffs and all others similarly situated their agreed-upon hourly rate for every hour worked during their employment.

181. Because of Defendant's breach, Plaintiffs and all others similarly situated have been damaged.

182.    Because of Defendant's breach, Plaintiffs and all others similarly situated have been damaged.

183.    WHEREFORE, on Count XII of this Complaint, Plaintiffs and the Class demand judgment against Defendant and pray this Court:

      a.    Certify the state law claim set forth in Count XII above as a class action pursuant to Fed. R. Civ. P. 23;

      b.    Order Defendant to pay Plaintiffs and the Class for the improperly withheld wages in violation of their contract;

      c.    Award Plaintiffs and the Class pre-judgment and post-judgment interest as provided by law; and

      d.    Award Plaintiffs and the Class such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues so triable.

Dated:  June 2, 2017                 Respectfully submitted,

                                 McCLELLAND LAW FIRM
                                 *A Professional Corporation*

                               By:    /s/ Ryan L. McClelland_____
                                        Ryan L. McClelland, MO Bar #59343
                                        Joni E. Bodnar, MO Bar #67955
                                        The Flagship Building
                                        200 Westwoods Drive
                                        Liberty, Missouri   64068-1170
                                        Telephone:     (816) 781-0002
                                        Facsimile:      (816) 781-1984
                                        ryan@mcclellandlawfirm.com
                                        jbodnar@mcclellandlawfirm.com

                                        ATTORNEYS FOR PLAINTIFFS